# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNAE HOYT,                                        No. CIV S-11-2582-CMK-P

      Plaintiff,

  vs.                                              ORDER

KELLY L. CANNON, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

1

1  of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means

2  that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172,

3  1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

4  complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

5  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

6  with at least some degree of particularity overt acts by specific defendants which support the

7  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

8  impossible for the court to conduct the screening required by law when the allegations are vague

9  and conclusory.

**I.  PLAINTIFF'S ALLEGATIONS**

11          Plaintiff alleges his Eighth Amendment rights have been violated by employees at

12  the Sacramento County Jail by denying him dental treatment.  He claims defendant Grassman

13  failed to submit his grievance in a timely manner; Defendants Cannon and Pattison denied his

14  grievance; and the dentists and dental assistant refused to provide him treatment.

**II.  DISCUSSION**

16          To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

17  connection or link between the actions of the named defendants and the alleged deprivations.

18  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

19  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

20  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

21  omits to perform an act which he is legally required to do that causes the deprivation of which

22  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

23  conclusory allegations concerning the involvement of official personnel in civil rights violations

24  are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the

25  plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged

26  constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

1       The treatment a prisoner receives in prison and the conditions under which the

2   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

3   and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

4   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

5   of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

6   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

7   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

8   "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

9   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only

10  when two requirements are met: (1) objectively, the official's act or omission must be so serious

11  such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

12  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

13  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

14  official must have a "sufficiently culpable mind."  See id.

15      Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

16  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at

17  105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental

18  health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

19  sufficiently serious if the failure to treat a prisoner's condition could result in further significant

20  injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

21  1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

22  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

23  is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

24  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

25  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

26  / / /

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, plaintiff contends the dentists and dental assistants, who have not been identified have denied him dental treatment. While plaintiff may be able to state a claim against those who actually refused him treatment, as discussed below, plaintiff has not yet identified those individuals. As to the individuals he has identified, they are non-medical personnel who could not have actually refused to treat him. Rather, the claims alleged against the non-medical personnel relate to the inmate grievances plaintiff attempted to file in order to address the lack of treatment he was receiving. Specifically, he alleges defendant Grassman failed to forward his grievance to the appropriate authority, defendant Cannon denied his grievance noting that plaintiff had been placed on the dental list for treatment, and defendant Pattison agreed with defendant Cannon's decision. Thus, it appears that plaintiff is claiming there are flaws in the prisoner grievance system at the Sacramento County Jail.

1  Prisoners have no stand-alone due process rights related to the administrative

2  grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v.

3  Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling

4  inmates to a specific grievance process). Because there is no right to any particular grievance

5  process, it is impossible for due process to have been violated by ignoring or failing to properly

6  process grievances. Numerous district courts in this circuit have reached the same conclusion.

7  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly

8  process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863

9  (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address

10  grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL

11  29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process

12  a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967

13  (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function

14  properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment

15  right to petition the government through the prison grievance process. See Bradley v. Hall, 64

16  F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in

17  certain circumstances, implicate the First Amendment.

18  But here, plaintiff does not imply that his First Amendment rights were violated,

19  only that the failure to provide dental treatment violated his Eighth Amendment rights. As such,

20  he cannot state a claim against defendants Grassman, Cannon or Pattison for their involvement in

21  the processing of his inmate grievance. Those defendants will be dismissed from this action for

22  failure to state a claim.

23  The only other defendants named in the complaint are the Doe dentists and dental

24  assistant, whom plaintiff claims were aware of his need for dental care and refused him

25  treatment. Plaintiff, however, has been unable to identify these individuals, naming them as Doe

26  defendants. Doe defendants are not favored in the Ninth Circuit as a general policy. See

1  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980).  However, in situations where the

2  identity of a defendant is not known prior to the filing of a complaint, "the plaintiff should be

3  given an opportunity through discovery to identify the unknown defendants, unless it is clear that

4  discovery would not uncover the identities, or that the complaint would be dismissed on other

5  grounds." Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir.1978);  see also Wakefield

6  v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  It is not clear in this case whether plaintiff

7  will be able to identify the Doe defendants.  However, plaintiff will be provided an opportunity to

8  attempt to identify the individuals prior to the dismissal of his case in its entirety.  Plaintiff will

9  have 60 days in which to utilize what ever means are available to him, including Federal Rule of

10  Civil Procedure 26 and 45, in order to discover the names of the individuals involved in the

11  denial of his treatment.  Once those individuals are identified, plaintiff shall file an amended

12  complaint identifying the defendant or defendants.  Plaintiff is cautioned that an amended

13  complaint must be complete in itself without reference to any prior pleading.  See Local Rule

14  220.  If plaintiff is successful in identifying his defendants and files an amended complaint, the

15  court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.

16  See id.

17       Finally, plaintiff is cautioned that service cannot be completed against an

18  unknown defendant.  It is plaintiff's burden to identify the defendants in order to serve the

19  complaint.  If he is unable to do so, he may request extra assistance, but will be required to

20  inform the court what he has done to determine the name of his defendants.  Until such time as a

21  defendant is identified, this case cannot proceed.

22                                          **III. CONCLUSION**

23       Plaintiff's complaint fails to state a claim against defendants Grassman, Cannon

24  and Pattison.  Plaintiff may be able to state a claim against the unknown dentist and dental

25  assistant, but before the court can order service to be completed, those individuals must be

26  identified.  Plaintiff will have 60 days to identify the unknown defendants and file an amended

1 | complaint. Plaintiff is informed that the amended complaint must allege in specific terms how

2 | each named defendant is involved, and must set forth some affirmative link or connection

3 | between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d

4 | 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5 |         Finally, plaintiff is warned that failure to file an amended complaint within the

6 | time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at

7 | 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply

8 | with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

9 | See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

10 |         Accordingly, IT IS HEREBY ORDERED that:

11 |         1.     Defendants Grassman, Cannon and Pattison are dismissed from this action

12 | as plaintiff fails to state a claim against them upon which relief can be granted;

13 |         2.     Plaintiff's has 60 days from the date of this order to identify his Doe

14 | defendants, through any available means including Federal Rules of Civil Procedure 26 and 45,

15 | and file an amended complaint; and

16 |         3.     If plaintiff fails to file an amended complaint identifying his Doe

17 | defendants within 60 days of the date of this order, the complaint will be dismissed and this

18 | action closed.

19 |

20 | DATED: July 5, 2012

21 |

22 | CRAIG M. KELLISON
    UNITED STATES MAGISTRATE JUDGE

23 |

24 |

25 |

26 |