IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNAE HOYT, | No. 2:11-cv-2582-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| KELLY L. CANNON, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for subpoena (Doc. 11) and motion for an extension of time (Doc. 12).

      Plaintiff's complaint was dismissed with leave to amend. Plaintiff was ordered to discover the identity of his Doe defendants and file an amended complaint. Plaintiff is requesting assistance from the court in order to determine the identity of his Doe defendants, who were his dental providers at the Sacramento County Jail. As plaintiff is no longer incarcerated at the county jail, he apparently does not have access to his medical records. He is therefore requesting a subpoena in order to obtain them. This request will be granted, and the Clerk of the Court will provide plaintiff with a blank subpoena. Plaintiff will be required to complete the

1

subpoena, within 20 days, providing the relevant information including who the proper custodian of his medical records is, and specifically what medical records he is requesting.  Plaintiff shall then return the completed subpoena to the court, and the court will forward the subpoena to the U.S. Marshal for service.

Plaintiff is also requesting additional time in which to file his amended complaint, as he is attempting to learn the identity of his Doe defendants.  Good cause appearing, this request will be granted.  Plaintiff will have 90 days from the date of this order to file his amended complaint.  If he does not receive his medical records from the county jail in a timely fashion, he may so inform the court and request additional time.  However, if the delay is due to plaintiff's own delays, such request may not be granted.  Plaintiff shall work diligently in attempting to discover the identity of his Doe defendants and file his amended complaint.

Finally, plaintiff is requesting the court issue an order providing him permanent priority law library use.  He states this is necessary because there is only limited access to inmates at Pelican Bay State Prison, especially those in the psychiatric services unit.  He does not, however, indicate any specific barrier he faces in meeting a court ordered deadline.  Indeed, the court notes that there are no current deadlines which would require law library use, and plaintiff has not demonstrated that his right of access to the courts is being impaired by his general complaints.  The court will not set a deadline merely for the purpose of granting plaintiff additional library time.  If plaintiff experiences any specific difficulties in timely filing responses to the court's orders or defendant filings, he may request additional time in which to do so on a showing of good cause.

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's request for a subpoena for medical records (Doc. 11) is granted;

2.    The Clerk of the Court is directed to send plaintiff a blank subpoena;

3.    Within 20 days of the date of service of this order, plaintiff shall complete the subpoena with the relevant information and return the completed subpoena to the court;

        4.       Upon receipt of the properly completed subpoena, the court will directed the U.S. Marshal to serve the subpoena upon the custodian of medical records;

        5.       Plaintiff's motion for an extension of time (Doc. 12) is granted;

        6.       Plaintiff shall file an amended complaint within 90 days of the date of this order; and

        7.       Plaintiff's request for a court order providing him permanent priority law library use is denied.

DATED: October 29, 2012

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE